# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SAMMIE YOUNG,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-25-0171-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE:  July 24, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bradley R. Marshall, Mt. Pleasant, South Carolina, for the appellant.

Derrick Grace, Louisville, Kentucky, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his removal for medical inability to perform the functions of his position.  On petition for review, he argues that the agency did not meet its burden of proving its charge.  He also reasserts some affirmative defenses, including disability discrimination, reprisal for engaging in equal employment

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

opportunity activity, and harmful procedural error. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-2210-12 IT Specialist, who was hired by the agency in 2006. Initial Appeal File (IAF), Tab 1 at 1, 16, Tab 24, Initial Decision (ID) at 2 (citing hearing testimony of the appellant). In 2022, while working in his previous position at the agency, he submitted a request for reasonable accommodation due to his medical conditions, which he claimed impacted his ability to focus and concentrate. IAF, Tab 16 at 51, 73. He did not accept any of the accommodations that the agency initially offered but later accepted a reassignment offer to a position in the agency's storage management group. *Id.* at 62-63, 72-73. He began work in the new position in August 2023. ID at 2 (citing hearing testimony of the appellant).

On February 12, 2024, the appellant's first-level supervisor issued him a memorandum of counseling indicating that his performance was unacceptable in three critical elements. IAF, Tab 4 at 88, 101-03. The appellant submitted a

request for reasonable accommodation on April 15, 2024, in which he stated that he was unable to perform the essential duties of his position due to his medical condition but noted that he was willing to consider another offer of reassignment to a vacant position. IAF, Tab 16 at 13-14. Again, the agency offered him several other accommodations, but the appellant did not accept any of them. *Id.* at 21-22. However, he did accept the agency's later offer to try to locate a vacant, funded position within the agency for which he was qualified and that met his functional limitations. *Id.* at 29. The agency performed multiple job searches between June and August 2024 but did not identify any positions meeting the appellant's criteria. *Id.* at 32, 34, 36-48.

The agency proposed the appellant's removal on September 26, 2024, for medical inability to perform. IAF, Tab 4 at 107-111. He submitted two written replies and verbal comments. *Id.* at 25-29, 72, 80-86. The agency then sustained the charge and removed him, effective November 19, 2024. *Id.* at 20. The appellant filed an appeal with the Board on December 3, 2024, in which he challenged the merits of the removal and raised several affirmative defenses. IAF, Tab 1 at 1-2, Tab 17 at 4. The administrative judge held a virtual hearing on May 7 and 28, 2025, and issued a decision affirming the removal on July 17, 2025. IAF, Tabs 20, 22; ID at 1. The appellant filed a petition for review on July 28, 2025, in which he argues, inter alia, that the agency did not prove its charge of medical inability to perform. Petition for Review (PFR) File, Tab 1 at 7-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish a charge of medical inability to perform, the agency must prove a nexus between the employee's medical condition and observed deficiencies in his performance or conduct, or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others. *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 5 (2014). In other

words, the agency must establish that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his position. *Id.*

The appellant argues on review that the agency did not prove its charge of medical inability to perform. PFR File, Tab 1 at 7-8. He contends that neither the proposed removal nor the removal decision identified the specific essential functions of his position that he was unable to perform. *Id.* The appellant did not raise this argument below. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not presented any new and material evidence not previously available to support this argument.[2]

Next, the appellant argues that his removal for medical inability was improper because "he performed the position without any deficiencies for nearly one year." PFR File, Tab 1 at 8. The administrative judge held 2 days of hearings, which included testimony from the proposing and deciding officials. IAF, Tab 4 at 23, 111, Tab 20 at 4, Tab 22 at 3. However, the initial decision did not address the agency's evidence that it had proven the charge. Instead, the administrative judge relied upon the appellant's admissions in his April 15, 2024 reasonable accommodation request and December 11, 2024 disability retirement application that he could not perform the essential duties of his position due to

---

[2] Even if he had raised this argument below, the record does not support it. The proposed removal stated that he could not perform the essential storage management duties of "support[ing] and implement[ing] storage architecture; support[ing], implement[ing], and manag[ing] storage systems, the regional backup process; support[ing], implement[ing], and improv[ing] regional policies and procedures; participat[ing] as a team or project leader with others; and creat[ing] and maintain[ing] documentation on IT systems and infrastructure." IAF, Tab 4 at 107. These functions were all listed in the appellant's position description. *Id.* at 140.

his medical conditions.[3]  ID at 5 (citing IAF, Tab 16 at 13-14, 103-04).  An appellant's admission to a charge can suffice as proof of the charge without additional proof from the agency.  *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 9 (2014).  We discern no error in the administrative judge's finding that the appellant's admissions that he could not perform the essential duties of his position because of his medical conditions were sufficient to sustain the agency's charge. *See id.*

As previously noted, the appellant presented additional arguments in his petition for review.  We have considered each but find them similarly unavailing.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] The appellant certified that the statements made in his December 11, 2024 application for disability retirement were true to the best of his knowledge and belief.  IAF, Tab 16 at 104.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 			_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.